## Lenka Liptak, Appellee, v. The Security Benefit Association, Appellant.

Opinion filed September 12, 1931.

Terry, Gueltig & Powell, A. W. Fulton and Jos. F. Sheen, for appellant.

M. R. Sullivan, for appellee.

Mr. Justice Fulton delivered the opinion of the court.

This is a suit in assumpsit on a benefit certificate issued by The Security Benefit Association, a fraternal benefit society, on the life of Julius Liptak, the appellee being Lenka Liptak, wife of the insured.

The declaration consisted of one count alleging the issuance of the certificate by appellant on the life of Julius Liptak for $1,000 on November 26, 1921; the death of the insured on November 15, 1929; that proofs of death were made in apt time; that all the conditions of the policy were complied with prior to death and subsequent thereto, and that there was due to appellee the sum of $1,000 and interest at 5 per cent from the date proofs were furnished. No general issue was filed by the defendant, but it filed a special plea setting up that the contract of insurance consisted of the written application, the benefit certificate and the by-laws of the society.

The plea further sets up a by-law known as section 112 providing in substance that any member who failed to pay any monthly assessment before the last day of the month would stand suspended without further notice or action on the part of the association, its officers or local council; also section 114, which provided for reinstatement within 60 days if the member was in good health at the time of making payment for reinstatement.

Plea further alleged failure on the part of insured to pay assessment due for the month of June; that payment later in July was made for the purpose of reinstatement and that Liptak at that date was not in

good health, and the money paid to company during July was tendered back to the insured and that in any event amount due should not exceed $958.

Replication was filed by appellee denying the failure to pay June assessment during the month and alleging payment of same to one J. R. DeBow, agent of appellant.

At the beginning of the trial on the examination of the jury, after the jury was sworn and before opening statements were made and before the taking of any testimony, the appellant made a motion asking to take the lead in the examination of the jury and that it was entitled to open and close the case. Counsel for appellant stated that for the purpose of the motion he would admit that benefit certificate sued on was regularly issued to Julius Liptak; that he was the husband of the beneficiary; that he was a member up to the end of May, 1929; that Julius Liptak died on November 13, 1929; that notice and proofs of death were furnished appellant by the beneficiary, and that the by-laws referred to in the certificate were the by-laws he produced and tendered in court.

At the close of the evidence and before argument the appellant renewed its motion to open and close the argument. Appellee's attorney objected to each and all of said motions and in each case the objection was sustained. Both at the close of the plaintiff's testimony and at the close of all the evidence the appellant moved for a directed verdict and each time the motion was denied.

The appellee offered no instructions and the court gave six instructions requested by the appellant. The jury returned a verdict for $1,000 in favor of the appellee. Motion for a new trial was overruled, judgment entered and appeal brought to this court.

The appellant contends that the failure to allow the appellant to open and close the case was prejudicial

and reversible error; that the evidence failed to show payment to the proper officer of the June 1929 assessment, during the month of June, and that by reason thereof the insured was suspended and because he was in bad health he was not legally reinstated by payment in July; that the court erred in not granting a motion for a directed verdict, and that the rulings of the court throughout the trial were erroneous and prejudicial to the appellant.

Appellant insists that the denial of its motions throughout the trial for the right to take the lead in the case and to open and close the testimony as well as in the argument to the jury, deprived it of a substantial right and was sufficient error to reverse the case.

While it is true that appellant did not file a general issue but relied on the defense set forth in its special plea, and while the facts which appellant offered to admit before any proofs were taken, would ordinarily constitute a prima facie case in suits of this character, still the special plea affirmatively alleged the nonpayment of the June, 1929, assessment during that month and also alleges that under no circumstances could the recovery be more than $958. With this situation confronting her, appellee insisted upon her right to put in testimony first and to open and close the case.

In the case of *Atkinson v. National Council of Knights & Ladies of Security,* 193 Ill. App. 215 on page 223, the court said: ''At the close of all the evidence the defendant asked to open and close the argument to the jury, and assigns error that the court refused that request. It had admitted before the introduction of evidence 'that the plaintiff has a prima facie case and all they need to do in the first instance is to introduce the contract of insurance and proof of loss.' This left appellee to open the case in introduction of evidence, which she did; and whether under the

pleadings she was compelled to do so or not, appellant cannot complain that the court at its suggestion treated the issues as requiring proof in the first instance by the plaintiff; and having conducted the trial on that theory to the close of the evidence it was not error to refuse the request.''

While in this case appellant made its motion to take the lead at the earliest opportunity and renewed its motion at every step during the trial, it is our opinion that the court had the right to exercise his discretion as to the conduct of the trial, and the denial of the motions of appellant was not reversible error.

The question of whether or not the June assessment was actually paid during that month and the question of agency and authority of J. R. DeBow to collect the assessments for appellant were pure questions of fact and the jury were fully empowered to pass upon those questions adversely to the appellant if they thought the evidence warranted it.

We believe the testimony is amply sufficient to sustain the verdict of the jury on the questions of fact.

We do not find any substantial error in the record and the judgment is affirmed.

*Affirmed.*